IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RUSSELL R. AKERS,**

    **Plaintiff,**

v.                                                              Civil Action No.:   2:22-cv-00116
                                                            Honorable            

**THE DOW CHEMICAL COMPANY,**

    **Defendants**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Defendant The Dow Chemical Company, Inc. ("Dow"), by counsel, has removed the above-captioned action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia. As grounds for removal, Dow states as follows:

### I. NATURE OF REMOVED ACTION

1. The removed case is a civil action filed on November 4, 2021 in the Circuit Court of Kanawha County, West Virginia, assigned Civil Action No. 21-C-986 KAN and captioned *Russell R. Akers v. The Dow Chemical Company.* In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all process, pleadings and orders served in the state court action are attached hereto as "**Exhibit A.**"

### II. TIMELINESS OF REMOVAL

2. In accordance with the requirements of 28 U.S.C. §1446(b), this notice of removal is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, of a copy of the Complaint, upon which it was first ascertained that this case is one which is or has become removable based upon complete diversity pursuant to 28 U.S.C. § 1332(a).

### III. VENUE IS PROPER

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred within the Southern District of West Virginia, Charleston Division.

### IV. BASIS OF REMOVAL

4. The United States District Court for the Southern District of West Virginia has original jurisdiction over this matter because: (1) there exists complete diversity between Plaintiff, Russell R. Akers, and Defendant, Dow, in this action insofar as Plaintiff and Defendant are citizens of different states; and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

**A.     There is complete diversity among the Plaintiff and Defendant.**

5. This case involves citizens of different states and no Defendant is a resident of West Virginia; therefore, complete diversity exists within the meaning of 28 U.S.C. § 1332(a).

6. Upon information and belief, Plaintiff is a resident of West Virginia (although neither the Complaint, nor the Civil Case Information Sheet properly identifies the Plaintiff's place of residence).

7. Dow is a Delaware corporation having its principal place of business located in Midland, Michigan. *See* Delaware Entity Details, The Dow Chemical Company, **Exhibit B**.

**B.     The Amount in Controversy Exceeds $75,000.00.**

8. The amount in controversy exceeds the jurisdictional minimum of $75,000.00; therefore, this Court maintains subject matter jurisdiction over this case.

9. To ascertain the amount in controversy, this Court must consider the plaintiff's causes of action alleged in the Complaint and any amendments thereto, the notice of removal filed with this Court, and other relevant materials in the record. *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp.2d 729 (N.D. W. Va. 2005)(citing 14C Charles Allen

Wright, Arthur R. Miller, Federal Practice and Procedure, 3725 at 73 (3d ed. 1998)). To meet the amount in controversy threshold in its *Notice of Removal*, Dow "need includ[e] only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 555 (2014); *see also Asbury-Castro*, 352 F. Supp.2d 729 (citing *Hutchins v. Progressive Palvorde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. W. Va. 2002)("The amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal.")

10. The Complaint alleges that Plaintiff was employed as a "tank cleaner" "by the predecessor of the Defendant, Union Carbide Corporation, from January, 1977 until 1985…." *See* Compl. at I, II. According to the Complaint, Plaintiff's "primary responsibility was the flushing out and removal of chemical components from rail tank cars at a site maintained by Defendant's predecessor located near Institute, Kanawha County, West Virginia. *Id.* at II.

11. The Complaint further alleges that on or about November 20, 2019, Plaintiff was diagnosed with pancreatic cancer; a diagnosis which Plaintiff contends was caused by "the latent manifestation attributable to Plaintiff's prior exposure to one or more chemicals to which the Plaintiff and others were regularly and repeatedly exposed." *Id.* at V – VII.

12. As a result of his alleged diagnosis, the Complaint asserts "[t]hat the Plaintiff has incurred hundreds of thousands of dollars in medical bills for his treatment which is ongoing as of the date of [the] Complaint…." *Id.* at VIII.

13. Finally, the "Prayer" in the Complaint prays for judgment against Dow for the following: "That the Plaintiff be awarded such sums by means of a monetary award assessed against the Defendant in an amount commensurate with his debilitating pain, suffering and

emotional distress endured by the Plaintiff and directly attributable to the gross negligence of his predecessor employer, Union Carbide Corporation...." *See* Compl.

14. The Complaint, on its face, asserts that Plaintiff has incurred "hundreds of thousands of dollars in medical bills" and further specifically seeks a monetary award against Defendant. Accordingly, if Plaintiff prevailed on the merits of the case as alleged in the Complaint, the amount in controversy exceeds $75,000.

15. Dow has met its burden of demonstrating that the amount in controversy exceeds the jurisdictional limit.

16. Accordingly, this case is properly removable to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a).

17. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff.

## V. STATEMENT OF CONSENT TO REMOVAL

18. In accordance with 28 U.S.C. § 1446(b)(2)(A), Dow states that it is the only defendant in this case and it consents to removal.

## VI. CONCLUSION

**WHEREFORE**, Defendant, The Dow Chemical Company, removes this action now pending in the Circuit Court of Kanawha County, West Virginia as Civil Action No. 21-C-986 KAN, to this Court.

Dated this 4th of March, 2022.

THE DOW CHEMICAL COMPANY

By Counsel:

*/s/Patricia M. Bello*
R. Scott Masterson, Esquire (WV Bar #10730)
Patricia M. Bello, Esquire (WV Bar #11500)
Sophie L. Johns (WVSB 12809)
LEWIS BRISBOIS BISGAARD & SMITH LLP
707 Virginia Street, E., Suite 1400
Charleston, West Virginia 25301
(304) 553-0166/(304) 932-0265 (F)
Scott.masterson@lewisbrisbois.com
Patricia.bello@lewisbrisbois.com
sophie.johns@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RUSSELL R. AKERS,**

    **Plaintiff,**

v.                                                  Civil Action No.: _____
                                                    Honorable _____

**THE DOW CHEMICAL COMPANY,**

    **Defendants**

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing "**NOTICE OF REMOVAL**" was electronically filed with the Clerk of the Court using the CM/ECF filing system, which will send a Notice of Electronic filing to, and constitutes service on counsel of record, and was also mailed to counsel of record via United States Mail, postage prepaid, as indicated below, this 4th day of March, 2022, addressed as follows:

    Walton S. Shepherd, III, Esq.
    P. O. Box 13249
    Sissonville, WV  25360
    *Counsel for Plaintiff*

    <u>/s/Patricia M. Bello</u>
    R. Scott Masterson (WVSB 10730)
    Patricia M. Bello (WVSB 11500)
    Sophie L. Johns (WVSB 12809)
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    707 Virginia Street, East, Suite 1400
    Charleston, West Virginia  25301
    (304) 553-0166 (T)/(304) 932-0265 (F)
    scott.masterson@lewisbrisbois.com
    patricia.bello@lewisbrisbois.com
    sophie.johns@lewisbrisbois.com